UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DINA BALLO,<br>on behalf of herself and all others<br>similarly situated,<br>　　　　　Plaintiff<br><br>v.<br><br>SUZANNE MORRISON,<br>d/b/a Suffolk County Constable's Office,<br>FORSYTH LAW OFFICES, P.C., and<br>CARL A. BRUGNOLI III,<br><br>　　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)　Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND REQUEST FOR JURY TRIAL

In this action, plaintiff contends that defendants conspired together and acted in concert to charge and collect constable fees from consumers which violated the Fair Debt Collection Practices Act, 15 U.S.C. §1601 *et seq.* Plaintiff seeks relief on behalf of herself and other Massachusetts consumers harmed by defendants' misconduct.

### Parties

1. Plaintiff Dina Ballo is an individual who at all relevant times has resided in Newton and Somerville, Middlesex County, Massachusetts.

2. Defendant Suzanne Morrison is an individual who at relevant times has owned and operated a constable service known as Suffolk County Constable's Office. With respect to the allegations herein, Morrison is a "debt collector" within the meaning of 15 U.S.C. §1692a(6) since a regular part of her business involves collecting or attempting to collect consumer debts for creditors and creditors' attorneys.

3. Defendant Forsyth Law Offices, P.C. ("Forsyth") is, on information and belief, a Massachusetts professional corporation and law firm engaged in the practice of consumer debt collection.  At all relevant times Forsyth was a "debt collector" within the meaning of 15 U.S.C. §1692a because it regularly collects or attempts to collect, directly, or indirectly, consumer debts owed or due or asserted to be owed or due another.

4. Defendant Carl A. Brugnoli III ("Brugnoli") is a licensed Massachusetts attorney who at relevant times has been a principal shareholder, principal officer, and/or employee of Forsyth.  At all relevant times Brugnoli was a "debt collector" within the meaning of 15 U.S.C. §1692a because he regularly collects or attempts to collect, directly, or indirectly, consumer debts owed or due or asserted to be owed or due another.

## Jurisdiction and Venue

5. Plaintiff's federal law claims arise under 15 U.S.C. §1692 *et seq.* and 42 U.S.C. §1983, and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d), 42 U.S.C. §1988, and 28 U.S.C. §1337.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate any claims arising under state law.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Statement of Facts

7. Plaintiff alleges on information and belief that at all relevant times Brugnoli has been the sole shareholder of Forsyth, the sole officer of Forsyth, and the sole attorney employed by or otherwise affiliated with Forsyth.  Plaintiff further alleges that with respect to all allegations of this complaint, Forsyth has acted only through Brugnoli, and that Forsyth and Brugnoli have been the alter egos of the other.  Accordingly, throughout

this complaint Forsyth and Brugnoli are referred to individually and collectively as "Forsyth/Brugnoli."

8. On May 20, 2004, the Newton District Court issued a judgment against plaintiff and in favor of Norfolk Financial Corporation ("Norfolk") in the amount of $2,256.33, which judgment was based on an alleged consumer debt, i.e., a debt which had been incurred primarily for personal, family, or household purposes.  An execution on said judgment was issued by the Court on June 16, 2004, in the amount of $2,276.36.  The execution included post-judgment interest but did not include any post-judgment collection fees or costs.

9. Forsyth/Brugnoli, acting as counsel for Norfolk, hired Morrison to satisfy the execution by seizing plaintiff's car.

10. Acting pursuant to Forsyth/Brugnoli's instructions, Morrison and/or employees and/or agents of Morrison levied on the execution by seizing plaintiff's car.

11. Morrison provided a one-page notice to plaintiff stating "Your Motor Vehicle(s) has been seized by the Constable's Office," and continuing as follows:

> Attached is a true and attested copy of an original execution in the case listed above.  This execution has been placed in the hands of a Constable for the purpose of collecting the monies due the judgment creditor.  I therefore, hereby make demand that you pay to me the monies due the judgment creditor, along with the costs, interest and fee's [sic] per the schedule below.

Included in the "schedule" set forth in Morrison's letter were the following charges: $55.00 – "service fee;" $90.00 – "towing;" $600.00 – "seizure fee;" and an amount "to be determined" for "storage and mileage."  The letter went on to state that "[the] storage fee is $20.00 per day," and that "[p]oundage, as well as any additional costs and fees, will be

applied upon sale of seized property." A true copy of said letter is appended hereto as exhibit A.

12. On or about September 20, 2010, plaintiff went to Morrison's office to make arrangements for the return of her vehicle.  Plaintiff was told she was required to pay a total of $4,861.87 to obtain the vehicle, itemized as follows:  $134.00 for towing; $100.00 for storage; $655.00 for "Suffolk County Constables Office;" and $3,972.87 for "Client/Attorney."  Plaintiff paid the full amount by credit card and was given a receipt, a true copy of which is appended hereto as exhibit B.

13. Forsyth/Brugnoli hired Morrison to seize plaintiff's vehicle knowing or having reason to know that Morrison would assess fees and charges to plaintiff which were unlawful as set forth herein, and with the intent that Morrison would charge said fees and charges and attempt to collect same from plaintiff.  Thus, Forsyth/Brugnoli aided and abetted Morrison's unlawful conduct and are jointly and severally liable with Morrison for the harm suffered by plaintiff.

14. Forsyth/Brugnoli conspired with Morrison, acted in concert with Morrison, and maintained a symbiotic arrangement with Morrison whereby Forsyth/Brugnoli would engage Morrison to seize the motor vehicles of judgment debtors and Morrison would provide Forsyth/Brugnoli with prompt, personalized service and not charge them up-front fees, but would instead charge and collect unlawful fees directly from judgment debtors.

## Unauthorized fees

### COUNT I

15. The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

16. At no time was plaintiff liable for Morrison's "seizure" or "service" fees, or for "towing" or "storage" charges, since none of said fees had been approved by the Newton District Court.

17. Morrison misrepresented the amount of the debt in violation of 15 U.S.C. §1692e(2)(A).

## COUNT II

18. The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

19. By charging plaintiff "seizure" and "service" fees, Morrison misrepresented the compensation which she could lawfully receive, in violation of 15 U.S.C. §1692e(2)(B).

## COUNT III

20. The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

21. Morrison used a false representation or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e(10).

## COUNT IV

22. The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

23. The fees and charges which Morrison charged and collected from plaintiff were not expressly permitted by any agreement creating the debt (the "debt" having been reduced to judgment) or Massachusetts law, and Morrison therefore violated 15 U.S.C. §1692f(1).

## Class Allegations

24. Plaintiff brings counts I – VI of this complaint on behalf of herself and classes of persons similarly situated, as follows:

*Class A and sub-classes:* "Class A" consists of all Massachusetts residents whose motor vehicles were seized by Morrison within one year of the filing of this action

pursuant to an execution issued on a judgment on an alleged consumer debt, and who were charged any seizure fee, service fee, towing fee, storage, or mileage fee which had not been court-approved.  Members of "Sub-class A-1" are all members of "Class A" whose motor vehicles were seized at the request of Forsyth/Brugnoli.  Excluded from each class and sub-class are defendants and their current and former officers, directors, employees, and agents.  Plaintiff alleges that the practice described herein is a standard one employed by defendants and therefore the class is sufficiently numerous such that joinder is impracticable.

25. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members.  Common issues include whether defendants are debt collectors under the FDCPA, whether defendants were engaged in trade or commerce in Massachusetts, whether defendants' conduct violated the FDCPA as alleged, and whether defendants may be held jointly and severally liable for harm suffered by plaintiff and class members.

26. Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members.  Plaintiff and class members seek, and are entitled to, similar relief.

27. Plaintiff will fairly and adequately represent the interests of class members.  Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation.  Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

28. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard business practice and class members are unlikely to file individual actions.

    WHEREFORE, plaintiff prays that this Honorable Court:

(i)     certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii)     appoint plaintiff as class representative and the undersigned as class counsel;

(iii)     enjoin defendants from continuing to engage in the unlawful conduct complained of;

(iv)     rescind all unlawful charges imposed by defendants against class members;

(v)     award plaintiff and class members actual and statutory damages under the FDCPA against defendants, jointly and severally;

(vi)     award costs and attorney's fees against defendants, jointly and severally;

(vii)     award such further relief as shall be just and proper.

## **Excessive seizure and service fees**

### COUNT V

29. The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

30. If plaintiff was liable to Morrison for any "service fee" or "seizure fee" without the necessity of court approval, the fees charged by Morrison exceeded any amounts permitted by Massachusetts law.

31. Morrison misrepresented the amount of the debt in violation of violated 15 U.S.C. §1692e(2)(A).

32. As a result of said unlawful conduct, plaintiff suffered financial loss.

## COUNT VI

33. The allegations of paragraphs 1 – 14 and 30 are incorporated herein as if fully set forth.

34. By charging and collecting from plaintiff the sum of $55.00 as a "service fee" and the sum of $600.00 as a "seizure fee," Morrison misrepresented the compensation which she could lawfully receive in violation of 15 U.S.C. §1692e(2)(B).

35. As a result of said unlawful conduct, plaintiff suffered financial loss.

## COUNT VII

36. The allegations of paragraphs 1 – 14 and 33 are incorporated herein as if fully set forth.

37. Morrison used a false representation or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e(10).

38. As a result of said unlawful conduct, plaintiff suffered financial loss.

## COUNT VIII

39. The allegations of paragraphs 1 – 14 and 33 are incorporated herein as if fully set forth.

40. The fees which Morrison attempted to collect and did collect from plaintiff were not expressly permitted by any agreement creating the debt (the "debt" having been reduced to judgment) or Massachusetts law, and Morrison therefore violated 15 U.S.C. §1692f(1).

41. As a result of defendants' unlawful conduct, plaintiff suffered financial loss.

## Class Allegations

42. Plaintiff brings counts V – VIII of this complaint on behalf of herself and classes of persons similarly situated, as follows:

*Class B and sub-classes:* "Class B" consists of all Massachusetts residents whose motor vehicles were seized on execution by Morrison within one year of the filing of this action pursuant to an execution issued on a judgment on an alleged consumer debt, and who were charged any "service" or "seizure" fee in excess of that permitted by Massachusetts law. Members of "Sub-class B-1" are all members of "Class B" whose motor vehicles were seized at the request of Forsyth/Brugnoli. Excluded from each class and sub-class are defendants and their current and former officers, directors, employees, and agents. Plaintiff alleges that the practice described herein is a standard one employed by defendants and therefore the class is sufficiently numerous such that joinder is impracticable.

43. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members. Common issues include whether defendants are debt collectors under the FDCPA, whether defendants' conduct violated the FDCPA as alleged, and whether defendants may be held jointly and severally liable for harm suffered by plaintiff and class members..

44. Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

45. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected

counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

46. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard business practice and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i) certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) enjoin defendants from continuing to engage in the unlawful conduct complained of;

(iv) rescind all unlawful charges imposed by defendants against class members;

(v) award plaintiff and class members actual and statutory damages under the FDCPA against defendants, jointly and severally;

(vi) award costs and attorney's fees against defendants, jointly and severally;

(vii) award such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

DINA BALLO, plaintiff
By her attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
617-492-0522
kquat@quatlaw.com